ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GENERAL TECHNOLOGIES, INC.** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>vs. )<br>)<br>**WATER TECHNOLOGIES, INC., et al.** )<br>)<br>**Defendants.** )<br>_____ ) | Case No. 08-2266-JAR |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff General Technologies, Inc. ("General Technologies") brings this case against defendants Water Technologies, Inc. ("Water Technologies") and Izzo Golf Inc. ("Izzo"), alleging breach of contract based on nine unpaid invoices issued by General Technologies. Summary judgment was entered in favor of defendant Izzo on June 17, 2009 (Doc. 20). On October 27, 2009, the Court conducted a status conference with counsel for General Technologies and Water Technologies and discussed a bench trial setting. Counsel for Water Technologies advised at that time that it would not appear and defend at trial. On November 12, 2009, plaintiff General Technologies appeared by and through counsel and presented evidence to the Court in support of its breach of contract claims against Water Technologies. Plaintiff submitted the Complaint with the attached unpaid invoices upon which the breach of contract claim is based, and Paul Wang, an employee of General Technologies, testified. The Court is now prepared to issue its findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).

**A.      Findings of Fact**

1.  General Technologies is a Kansas corporation with its principal place of business in Overland Park, Kansas.  General Technologies imports and exports and wholesales water treatment chemicals and equipment in North America.

2.  Water Technologies' principal place of business is in Macedon New York.

3.  General Technologies issued nine invoices to Water Technologies for certain resins for water treatment that were Water Technologies ordered and General Technologies delivered.

4.  Invoice 109459-070319 was issued to Water Technologies on March 19, 2007 in the amount of $20,680.00.[1]  The water treatment products itemized on the invoice were in fact delivered.  The invoice was never paid.

5.  Invoice 109325-070321 was issued to Water Technologies on March 21, 2007 in the amount of $17,678.40.[2]  The water treatment products itemized on the invoice were in fact delivered.  The invoice was never paid.

6.  Invoice 109461-070417 was issued to Water Technologies on April 17, 2007 in the amount of $18,870.40.[3]  The water treatment products itemized on the invoice were in fact delivered.  The invoice was never paid.

7.  Invoice 109487-070515 was issued to Water Technologies on May 15, 2007 in the amount of $20,680.00.[4]  The water treatment products itemized on the invoice were in fact

---

[1](Ex. A.)

[2](Ex. H.)

[3](Ex. I.)

[4](Ex. B.)

delivered. The invoice was never paid.

8. Invoice 109550-070528 was issued to Water Technologies on May 28, 2007 in the amount of $20,349.60.[5] The water treatment products itemized on the invoice were in fact delivered. The invoice was never paid.

9. Invoice 109891-070615 was issued to Water Technologies on June 15, 2007 in the amount of $19.473.60.[6] The water treatment products itemized on the invoice were in fact delivered. The invoice was never paid.

10. Invoice 109926-070702 was issued to Water Technologies on July 2, 2007 in the amount of $21,946.20.[7] The water treatment products itemized on the invoice were in fact delivered. The invoice was never paid.

11. Invoice 109987-070712 was issued to Water Technologies on July 12, 2007 in the amount of $23,982.00.[8] The water treatment products itemized on the invoice were in fact delivered. The invoice was never paid.

12. Invoice 109952-070719 was issued to Water Technologies on July 19, 2007 in the amount of $22,806.00.[9] The water treatment products itemized on the invoice were in fact delivered. The invoice was never paid.

**B.  Conclusions of Law**

1. The Court has jurisdiction over the parties and subject matter of this action. Pursuant

---

[5](Ex. C.)

[6](Ex. D.)

[7](Ex. E.)

[8](Ex. F.)

[9](Ex. G.)

to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." Because General Technologies is a Kansas corporation and Water Technologies is a New York corporation, and because the matter in controversy exceeds $75,000, the Court has diversity jurisdiction.

2. The elements for a breach of contract claim under Kansas law are: (1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff suffered damage caused by the breach.[10]

3. Each invoice, Exhibits A through I, constitutes a contract between General Technologies and Water Technologies; thus, the first element is met for each invoice.

4. General Technologies in fact delivered the water treatment products listed on each invoice; therefore, the second and third elements are met for each invoice.

5. General Technologies never received payment on any of the nine invoices, constituting breach and causing damages in the amounts stated on each invoice.

6. The basic measure of contract damages "is to make a party whole by putting it in as good a position as the party would have been had the contract been performed."[11] And "the law also requires that there be a reasonable basis for computation of damages."[12]

7. General Technologies requests damages in the amount of $213,515.80, which

---

[10] *See, e.g.*, *Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003).

[11] *State ex re. Stovall v. Reliance Ins. Co.*, 107 P.3d 1219, 1228 (Kan. 2005).

[12] *Id.*

4

represents the price of each invoice, plus interest at 1.5% per month beginning 45 days after each invoice was issued and ending on June 9, 2008, the date the Complaint was filed. General Technologies also requests costs and additional interest at 1.5% per month starting from the date of the Complaint.[13]

8. The Court finds that the requested amount of damages is an appropriate measure of contract damages in this case and that the amount of unpaid invoices plus contractual interest is a reasonable basis for computation of damages. Therefore, the Court orders $213,515.80, plus interest at 1.5% per month starting from June 9, 2008.

9. In accordance with the local rules and Fed. R. Civ. P. 54, plaintiff's counsel may submit its bill of costs.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Water Technologies pay damages to plaintiff General Technologies in the amount of $213,515.80, plus interest at 1.5% per month starting from June 9, 2008. Plaintiff may submit a bill of costs pursuant to local rule and Fed. R. Civ. P. 54.

Dated:  November 19, 2009

                                                            S/ Julie A. Robinson
                                                         JULIE A. ROBINSON
                                                         UNITED STATES DISTRICT JUDGE

---

[13] The Court presumes that counsel misstated that General Technologies seeks interest from the 45th day of each invoice given that the requested amount of $213, 515.80 subsumes interest in this amount up to the date the Complaint was filed. (Ex. 1.)